1  **WO**                                                                                    MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Kenneth W. Reed, | ) | No. CV 11-1339-PHX-JAT (JRI) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Karen Barcklay, et al., | ) | |
| Defendants. | ) | |

## I. Procedural History

On May 23, 2011, Plaintiff Kenneth W. Reed, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint in the Superior Court of Yuma County, Arizona, seeking redress pursuant to 42 U.S.C. § 1983. On July 6, 2011, Defendant Dennis G. Chenail filed a Notice of Removal. In a July 26, 2011 Order, the Court concluded that removal was appropriate and dismissed Plaintiff's Complaint because he had failed to file on the court-approved form. The Court gave Plaintiff 30 days to file an amended complaint on the court-approved form.

On August 5, 2011, Plaintiff filed a Request to Enter Default Against Defendant Ryan, a Request to Enter Default Against Defendant Karen Barcklay, and supporting Affidavits. In an August 12, 2011 Order, the Court denied Plaintiff's Request to Enter Default, noting that "Defendants are not required to answer a prisoner's § 1983 complaint until the Court has completed the screening process and requires Defendants to file an answer. See 42 U.S.C. § 1997e(g)."

**JDDL**

On August 25, 2011, Plaintiff filed a Motion for Remand of Cause to State Court (Doc. 13), an Objection to Judicial Assignment and Request for Recusal (Doc. 14), a Motion for Enlargement of Time to File Amended Complaint (Doc. 15), and a Motion for Reconsideration (Doc. 16).

**II.     Pending Motions**

**A.     Motion for Remand**

Plaintiff requests that the Court remand this case back to the Superior Court because he is ineligible to proceed *in forma pauperis* in federal court. Plaintiff notes that he has filed four lawsuits in federal court that had been dismissed for failure to state a claim upon which relief could be granted.

This case was properly removed to this Court. Thus, the Court will deny the Motion for Remand.

**B.     Objection to Judicial Assignment and Request for Recusal**

Although Plaintiff states that he is "voicing his objection" to the assignment of this case to the undersigned judge, he does not explain the basis for his objection. The case was assigned to the undersigned because Plaintiff's prior lawsuits had been assigned to the undersigned. See Local Rule of Civil Procedure 3.4(b).

As to Plaintiff's request that Court recuse itself, "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States. v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). In order to prevail on a motion for recusal, a plaintiff must show either extrajudicial bias or a deep-seated unequivocal antagonism toward the plaintiff. See Liteky v. United States, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute

a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Plaintiff has failed to show that the undersigned has either extrajudicial bias or a deep-seated unequivocal antagonism towards Plaintiff; he has failed to allege any basis for his request to recuse.

The Court will deny Plaintiff's Objection to Judicial Assignment and Request for Recusal.

### C.   Motion for Enlargement of Time to File Amended Complaint

Plaintiff seeks a 30-day extension of time to file his amended complaint, claiming that he is awaiting the Arizona Department of Corrections's response to his request for the assistance of a paralegal in preparing his amended complaint. The Court, in its discretion, will grant Plaintiff's request for a 30-day extension of time.

### D.   Motion for Reconsideration

Plaintiff requests that the Court reconsider its August 12th Order denying his requests to enter default against Defendants Ryan and Barklay.

"Motions to reconsider are appropriate only in rare circumstances." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Court has reviewed the Motion for Reconsideration, the August 12th Order, and Plaintiff's Requests to Enter Default. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion for Reconsideration.

. . . .

. . . .

JDDL

**III. Warnings**

    **A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Remand of Cause to State Court (Doc. 13) is **denied**.

(2) Plaintiff's Objection to Judicial Assignment and Request for Recusal (Doc. 14) is **denied**.

(3) Plaintiff's Motion for Reconsideration (Doc. 16) is **denied**.

(4) Plaintiff's Motion for Enlargement of Time to File Amended Complaint (Doc. 15) is **granted**. Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

. . . .

. . . .

. . . .

. . . .

. . . .

(5) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

DATED this 30th day of August, 2011.

James A. Teilborg
United States District Judge