**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Reed, | No. CV-11-01339-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Karen Barcklay, et al., | |
| Defendant. | |

Pending before the Court are Plaintiff Kenneth Reed's interlocutory appeals (Doc. 37; Doc. 54) of Magistrate Judge Metcalf's Orders of February 6, 2012 (Doc. 36) and March 26, 2012. (Doc. 46). The Court now rules on these appeals.

**I.   BACKGROUND**

On May 23, 2011, Plaintiff, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a pro se civil rights Complaint in the Superior Court of Yuma County, Arizona, seeking redress pursuant to 42 U.S.C. § 1983. On July 6, 2011, Defendant Chenail filed a Notice of Removal. This Court concluded that removal was appropriate, dismissed Plaintiff's original complaint for failure to state a claim, and gave him leave to amend. After Plaintiff filed his First Amended Complaint, further pretrial proceedings were assigned to Magistrate Judge Irwin, and subsequently to Magistrate Judge Metcalf. The Court now rules on Plaintiff's appeals of orders entered by the Magistrate Judge.

## II. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, "distinguishes between nondispositive matters under 28 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)." *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). "Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court." *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (emphasis in original). Regarding nondispositive pretrial matters heard by a magistrate judge, the Federal Magistrate Act provides, in pertinent part:

> [A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A); *see Abonce-Barrera*, 257 F.3d at 967. The Court will thus review the Magistrate Judge's decisions of law de novo, and decisions of fact only for clear error.

## III. FEBRUARY 6 ORDER

### A. The Order

Plaintiff first appeals the Magistrate Judge's Order of February 6, 2012 (Doc. 36). That Order denied Plaintiff's Motion for Service of Subpoena (Doc. 31) without prejudice. Plaintiff sought to obtain, through discovery, his medical records directly from the Arizona Department of Corrections ("ADC"), rather than from Defendants. Defendants have offered to produce the records. In turn, they requested that Plaintiff authorize the release of his records to counsel, so that the records can be reviewed for security or privacy concerns, before being produced. Plaintiff is unwilling to trust Defendants' counsel to produce accurate copies of his medical records. (Doc. 34). He thus sought an order from the Magistrate Judge, requiring the U.S. Marshals Service to serve a subpoena, which requested Plaintiff's medical records, on the ADC. The Magistrate Judge considered Plaintiff's fears about discovery, found that they did not justify a departure from normal discovery procedure and, accordingly,

denied Plaintiff's motion.

### B. Plaintiff's Objections

Plaintiff specifically objects to the February 6 Order on three grounds: (1) the Magistrate Judge's consideration of the expense of using the Marshals Service; (2) "having [Plaintiff's] management of the discovery phase of this case usurped and put into the hands of opposing counsel;" and (3) "being forced into trusting opposing counsel . . . to act in his best interests." (Doc. 37 at 3-4). Plaintiff's first objection arises out of the Magistrate Judge's language in describing the difference between seeking Plaintiff's medical records from Defendants or from the ADC as "whether the U.S. Marshals Service will be required to incur expenses serving a subpoena." (Doc. 36 at 2). Plaintiff argues that this language amounts to denying him proper discovery because he cannot himself serve a subpoena.

In his Reply, Plaintiff also appears to contend that Defendants cannot produce his medical records, and that obtaining them from the ADC is thus necessary. He alleges that Defendant Ryan, as Director of the ADC, does not actually have possession, custody, and control of the records, and thus cannot produce them under Rule 34(a).

Based on these objections, Plaintiff asks this Court to reconsider the February 6 Order and order the Marshals Service to serve his subpoena.

### C. Discussion

Plaintiff's first objection is groundless. The cost of using the Marshals Service for serving subpoenas is a legitimate policy concern underlying the rules of discovery. The Magistrate Judge's decision did not amount to a use of Plaintiff's difficult economic circumstances to deny him the proper use of those rules, as Plaintiff claims.

As to his second and third objections, Plaintiff cites two cases he argues warrant concerns about Defendants' compliance with the discovery rules. (Doc. 37 at 4). The first case was a civil rights suit brought by prisoners. *Fletcher Casey et al. v. Samuel Lewis et al.*, CV 90-00054-RGS (D. Ariz.). The second is a writ of habeas corpus Plaintiff himself brought before this Court, which was denied. *Reed, et al. v. Schriro, et al.*, CV 04-02755-JAT (D. Ariz.). Plaintiff alleges these cases contain evidence of fraud and discovery

- 3 -

abuses on the part of Defendants. The Court has briefly reviewed the cases and can discern no discovery misconduct by the Office of the Arizona Attorney General, nor fraud against the Plaintiff. Rule 34 of the Federal Rules of Civil Procedure requires any records Plaintiff sought in discovery be produced "as they are kept in the usual course of business." Fed. R. Civ. Proc. 34(b)(2)(E)(1). There is no reason to believe Defendants will not comply with this rule if Plaintiff seeks discovery of his records through Defendants. The Court can perceive no reason why Defendants should not be trusted to produce the documents as requested, with appropriate redactions for privacy and security needs. Accordingly, the Court can find no clear error in Magistrate Judge Metcalf's finding that Plaintiff should seek discovery of his medical records through Defendants.

None of Plaintiff's specific objections provide grounds for a reversal of the Magistrate Judge. Nor do Plaintiff's allegations regarding the control of his medical records. Defendant Ryan is statutorily responsible for the possession, custody and control of those records. Ariz. Rev. Stat. Ann. §§ 41-604(A)(1),(2),(B)(2)(d). As such, he is able to produce them pursuant to the Federal Rules of Civil Procedure. The authorization Defendants seek, and which Plaintiff alleges demonstrates Defendant Ryan is not in possession of Plaintiff's medical records, is an acknowledgment of Plaintiff's privacy interest in those records. (*See* Doc. 100 at 7-8) (discussing prisoner privacy interest in medical records and waiver of it). The Magistrate Judge held that such a release would likely be required no matter what process was pursued to obtain the records. There is thus no clear error in the finding that Plaintiff was able to seek discovery of his medical records through Defendants.

Further, Plaintiff is not entitled to use the U.S. Marshals Service to serve his subpoenas. Officers of the court are directed to serve all process on behalf of those proceeding in forma pauperis. 28 U.S.C. § 1915(d). However, Plaintiff is not proceeding in forma pauperis in this case. Absent a motion to the Court to acquire in forma pauperis status,

Plaintiff presumptively lacks such status.[1] Accordingly, he cannot use the Marshals Service as requested.

For the above reasons, Magistrate Judge Metcalf's ruling of February 6, 2012 (Doc. 36) is affirmed.

### IV.     MARCH 26 ORDER

#### A.     The Order

Plaintiff next appeals the Magistrate Judge's Order of March 26, 2012 (Doc. 46), wherein the Magistrate Judge denied Plaintiff's Motion to Modify Schedule (Doc. 43), and struck Plaintiff's unilateral Joint Discovery Plan/Report of Rule 26(f) Planning Meeting ("Plan") (Doc. 45) from the Record. The Magistrate Judge, in light of Plaintiff's failure to timely participate in the preparation of a Joint Discovery Plan, and to meet other deadlines for initial disclosures and other items, dispensed with a Joint Discovery Plan and proceeded with the Court's own schedule.

#### B.     Plaintiff's Objections

Plaintiff objects to the March 26 Order, arguing that the Magistrate Judge erred in: (1) identifying the relative dates between preparation of Plaintiff's Motion for Modification of Scheduling Order (Doc. 43), and the Court's Order to Show Cause (Doc. 42); (2) stating that Plaintiff had failed to respond to the Order to Show Cause; (3) stating that Plaintiff had filed his unilateral Joint Discovery Plan in lieu of a response to the Order to Show Cause; (4) expressing "ire" at Plaintiff for failing to provide "brief statements" of his claims; and (5) expressing a lack of sympathy with Plaintiff's excuses, due to his experience with litigation. Based on these identified alleged errors, Plaintiff asks the Court to restore Plaintiff's Plan to the Record.

---

[1] The Court cautions Plaintiff that he has previously been found to have three strikes under 28 U.S.C. § 1915(g). *See Reed v. Schriro, et al*, CV 08-01568-JAT-JRI at Doc. 72 (D. Ariz. Sept. 2, 2009). As such, a motion to obtain in forma pauperis status would only be granted if Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

- 5 -

**C.     Discussion**

The Court first notes that Magistrate Judge Metcalf addressed all of these concerns in his Order denying Plaintiff's Motion to Recuse. (Doc. 55). Turning to Plaintiff's objections, Plaintiff has failed to point to any specific conclusions of law for the Court to review de novo for error. Further, he has failed to point to any alleged errors in fact that, if corrected, would have resulted in a different outcome. The Magistrate Judge decided to proceed with the schedule originally adopted. Even were the Court to restore Plaintiff's Plan to the Record, Plaintiff has failed to show how this would provide him any relief. Because Plaintiff has failed to demonstrate why the Court should restore his Plan to the Record, or how such a restoration would provide him relief, the Court cannot find error with the March 26 Order. Accordingly, the Magistrate Judge's ruling of March 26, 2012, is affirmed.

**V.     RECUSAL**

In Plaintiff's Objection to Magistrate Judge's Order of March 26, 2012 (Doc. 54), it appears that Plaintiff also moved this Court to recuse Magistrate Judge Metcalf. The proper means to seek recusal is, in the first instance, to apply directly to the trial judge. *See* 28 U.S.C. § 455(a) ("Any . . . magistrate judge . . . shall disqualify *himself*") (emphasis added). As such, Magistrate Judge Metcalf appears to have taken this Motion as directed to him, and accordingly considered and denied it. (Doc. 55). Although Plaintiff does not appear to have separately appealed that denial, the Court will briefly review the denial of recusal for the sake of completeness.

Plaintiff seeks an order of disqualification under 28 U.S.C. § 455(a), which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) The standard governing recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)), *cert. denied*, 513 U.S. 1171. To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source. *See*

*Liteky v. United States*, 510 U.S. 540, 554 (1994). In *Liteky*, the Supreme Court held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* The Court further explained that opinions formed by a judge on the basis of facts introduced or events occurring in the course of judicial proceedings do not provide a basis for recusal unless they indicate that the judge has "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

The standard of review of denial of a motion for recusal is abuse of discretion. *Cf. United States v. Sutcliffe*, 505 F.3d 944, 957 (9th Cir. 2007) (reviewing denial of a motion for recusal by a district court judge).

While a judge shall disqualify himself under 28 U.S.C. § 455 if the judge's "impartiality might reasonably be questioned," there is no basis for such a recusal here. Plaintiff has not demonstrated or even suggested any extrajudicial bias. Nor has Plaintiff presented evidence of favoritism or antagonism on behalf of the Court. Plaintiff's claims of bias all stem from Plaintiff's dissatisfaction with the rulings made by the Court in the numerous motions throughout the case. There is no showing or even suggestion that an objectively reasonable basis exists for Magistrate Judge Metcalf's recusal. Accordingly, Magistrate Judge Metcalf's Order denying Plaintiff's Motion to Recuse is affirmed. (Doc. 55).[2]

**VII.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** affirming the Magistrate Judge's Orders of February 6, 2012 (Doc. 36), March 26, 2012 (Doc. 46), and April 13, 2012 (Doc. 55).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to overrule the Magistrate

---

[2] The Court notes that the Magistrate Judge recently ordered Plaintiff not to combine objections intended for the District Court Judge with motions intended for the Magistrate Judge. The Court agrees that, if Plaintiff wants this Court to rule on objections to the Magistrate Judge's orders in the future, he must clearly designate the objection as an objection and not combine it with any other motion.

- 7 -

1  ruling (Doc. 37) is denied.

2      DATED this 25th day of June, 2012.

_____
James A. Teilborg
United States District Judge