1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Kenneth W. Reed,                      )   No. CV 11-1339-PHX-JAT
                                          )
10              Plaintiff,                )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Karen Barcklay et al,                 )
13                                        )
                Defendant.                )
14                                        )
                                          )
15  _____     )

16          Pending before the Court is Plaintiff Kenneth Reed's interlocutory appeal of

17  Magistrate Judge Metcalf's Order of June 22, 2012. (Doc. 106). The Court now rules on the

18  appeal.

19      **I.      BACKGROUND**

20          On May 23, 2011, Plaintiff, who is confined in the Arizona State Prison

21  Complex-Yuma in San Luis, Arizona, filed a pro se civil rights Complaint in the Superior

22  Court of Yuma County, Arizona, seeking redress pursuant to 42 U.S.C. § 1983. On July 6,

23  2011, Defendant Chenail filed a Notice of Removal. This Court concluded that removal was

24  appropriate, dismissed Plaintiff's original complaint for failure to state a claim, and gave him

25  leave to amend. After Plaintiff filed his First Amended Complaint, further pretrial

26  proceedings were assigned to Magistrate Judge Irwin, and subsequently to Magistrate Judge

27  Metcalf.

28          Magistrate Judge Metcalf issued an Order on June 22, 2012, resolving a discovery

dispute that had arisen regarding Plaintiff's medical records. (Doc. 100). Essentially, Plaintiff sought to have his medical records released directly to him, while Defendants sought to compel the release of the records to them to enable redactions for security and privacy reasons. *Id.* at 5-6. The Magistrate Judge ordered that Plaintiff's medical records be produced to Defendants, and that Defendants provide Plaintiff a copy (with any redactions noted and explained) within fourteen days of that release. *Id.* at 14. The Order also provided for protection of those documents from disclosure. *Id.* at 13-14.

Plaintiff objects to the Magistrate Judge's: (1) ruling on alleged noncompliance with an allegedly nonexistent discovery request; (2) finding of substantial justification for the Defendant's proposed course of discovery; (3) adoption of Defendants' proposed course of discovery; and (4) alleged denial of the Rule 34 discovery process. (Doc. 106 at 4-5). The Court now rules on Plaintiff's objections.

**II.   STANDARD OF REVIEW**

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, "distinguishes between nondispositive matters under 28 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)." *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). "Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court." *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (emphasis in original). Regarding nondispositive pretrial matters heard by a magistrate judge, the Federal Magistrate Act provides, in pertinent part:

> [A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A); *see Abonce-Barrera*, 257 F.3d at 967. The Court will thus review the Magistrate Judge's decisions of law de novo, and decisions of fact only for clear error.

1

### III.   ANALYSIS

2    Plaintiff first argues that the Magistrate Judge ordered discovery of documents that

3    were never actually requested by Defendants. However, as the Magistrate Judge's Order

4    states, Defendants requested "all documents relied on in responding to discovery, or relevant

5    or likely lead to relevant evidence, and records on the claims maintained by Plaintiff." (Doc.

6    100 at 2) (quoting Doc. 71 at Exhibit 1). Although not explicit, this request includes

7    Plaintiff's medical records. Further, in a letter to Defendant, Plaintiff also indicated he would

8    "consider [Defendants] letter of December 21, 2011 as a request for production of

9    [Plaintiff's] medical records." *Id.* (quoting Doc. 71, Exhibit 2, Letter 1/14/12.). Accordingly,

10   this objection is without merit.

11   Plaintiff next objects to the finding of substantial justification for ordering an

12   alternative discovery process. (Doc. 106 at 4). Plaintiff argues that this finding is

13   unsupported. *Id.* However, the Magistrate Judge did discuss the justifications for his Order.

14   (Doc. 100 at 7-9 (discussing privacy concerns), 9-10 (discussing security concerns)). Based

15   on these justifications, the Magistrate Judge found the alternative discovery process proper,

16   and this Court finds no clear error in his reliance upon these justifications.

17   Plaintiff finally objects that the Federal Rules of Civil Procedure entitle him to direct

18   production of his records, and that the terms of discovery adopted by the Magistrate Judge

19   are unfair. (Doc. 106 at 4-5). The Magistrate Judge addressed this argument, stating that the

20   discovery rules allow for flexibility in the production of the documents, and that the Court

21   has broad authority to limit discovery. (Doc. 100 at 11) (citing Fed. R. Civ. P. 26(b)(2)(C),

22   34(b)(2)(E)(i)). The Magistrate Judge correctly stated the law. *See In re Anonymous Online*

23   *Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011) ("district court has wide latitude in controlling

24   discovery and . . . decisions governing discovery are highly fact-intensive") (internal

25   citations omitted). As discussed above, there is no clear error in his finding that the present

26   discovery dispute warranted the exercise of that flexibility. Nor is there any clear error in the

27   course of discovery ordered by the Magistrate Judge, given that Plaintiff has presented no

28   evidence to suggest that Defendants will not honestly participate in the discovery process.

IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** affirming Magistrate Judge Metcalf's Order of June 22, 2012.

**IT IS FURTHER ORDERED** that and Plaintiff's Objection to Magistrate Judge's Order Dated June 22, 2012 (Doc. 106) is denied.

DATED this 19th day of July, 2012.

James A. Teilborg
United States District Judge