**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Reed,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Karen Barcklay, et al.,<br><br>　　　　Defendants. | No. CV 11-1339-PHX-JAT (BSB)<br><br>**ORDER** |

Plaintiff Kenneth W. Reed brought this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Director Charles Ryan and ADC physician Dr. Karen Beth Barcklay (Doc. 22). Before the Court is Plaintiff's combined Motion for Temporary Restraining Order (TRO), Motion for Preliminary Injunction, and Request for Emergency Hearing (Doc. 58), which Defendants oppose (Doc. 112).

The Court will deny Plaintiff's motion.

**I.     Background**

Plaintiff's claims arose during his confinement at the Arizona State Prison Complex in Florence, Arizona (Doc. 22 at 1). In Count I, Plaintiff alleged that Dr. Barcklay was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when she refused to provide his regularly prescribed medication to treat migraine headaches

(id. at 4-6 (Doc. 22 at 12-14)[1]).

In Count II, Plaintiff alleged a second deliberate-indifference claim against Barcklay and a retaliation claim against Barcklay and Ryan (id. at 7-10 (Doc. 22 at 15-18)). Plaintiff claimed that after he filed a grievance against Barcklay about his migraine headache medication, she failed to refill his blood pressure medications for five months. He further alleged that after initiating this lawsuit, he sought renewal of a Special Needs Order (SNO) authorizing that Plaintiff be assigned a lower bunk and no work duty unless it was cleared by medical, but Barcklay prevented renewal. Plaintiff also alleged that Ryan embraced a policy that allowed subordinates to use various means to hinder or prevent inmates from filing grievances and that he encouraged or permitted ADC employees to retaliate against inmates who file grievances (id.).

## II.     Motion for Preliminary Injunction

### A.     Plaintiff's Contentions

On April 18, 2012, Plaintiff filed his pending motion (Doc. 58). He seeks an order enjoining Defendants or their agents from assigning him to a top bunk or giving him a work assignment that is beyond his abilities and likely to cause him injury (id.). In support of his motion, Plaintiff submits his affidavit, in which he attests that he suffers from well-documented knee and shoulder injuries, degenerative joint disease, and migraine headaches (Doc. 59, Pl. Aff. ¶¶ 3-7). Plaintiff avers that in May or June 2010, when he was diagnosed with hypertension, Dr. Milazzo advised him to limit his activities due to the dizziness caused by his hypertension medication and to avoid prolonged exposure to sunlight (id. ¶¶ 10-12). Plaintiff states that Dr. Milazzo also issued the SNO prohibiting assignment to a top bunk and any work duty not first cleared by a medical provider (id. ¶ 13).

Plaintiff avers that in July 2011, he submitted an Health Needs Request to renew the SNO (id. ¶ 16). According to Plaintiff, instead of examining Plaintiff to assess his need for an SNO, Barcklay enlisted another nurse to fabricate an excuse to deny his SNO renewal

---

[1] Additional citation refers to the document and page number in the Court's Case Management/Electronic Case Filing system.

- 2 -

1 request (id.).

2 Plaintiff states that in early April 2012, Barcklay approved Plaintiff for work on a
3 hard-labor work crew and he was assigned as a groundskeeper (id. ¶¶ 22-23). Plaintiff avers
4 that he was ultimately placed "on report" for refusal to perform work, and he was then placed
5 in disciplinary confinement (id. ¶¶ 29-30).

6 Attached to Plaintiff's affidavit are copies of his prescriptions, his SNO that expired
7 on June 29, 2011, the SNO denial from the nurse, grievance documents, and documentation
8 of Plaintiff's April 2012 job assignment (id., Exs. 1-8).

9 **B.    Defendants' Response**

10 The Court considers only the portion of Defendants' response that is relevant to the
11 pending preliminary-injunction request (see Doc. 112).[2]

12 Defendants contend that Dr. Milazzo's SNO did not include a directive that Plaintiff
13 could not work (id. at 2-3). Nonetheless, they submit that Plaintiff's motion for an injunction
14 is moot, and they proffer evidence that on April 26, 2012, Dr. Barcklay issued a one-year,
15 non-duty and lower-bunk SNO (id. at 5, 10, Ex. A (Doc. 112-1 at 6)).

16 Defendants also address the factors to be considered with respect to a motion for a
17 preliminary injunction (id. at 7-10). First, they argue that Plaintiff cannot show a likelihood
18 of success on the merits because he cannot show that either Defendant played an affirmative
19 role in the alleged deprivation or that either Defendant acted improperly (id. at 6-7, 9). Next,
20 Defendants assert that Plaintiff cannot show irreparable harm because he is already approved
21 for a bottom bunk and non-work status (id. at 9). Defendants maintain that the balance of
22 hardships weigh in their favor because an order from the Court would improperly intrude on
23 matters of prison administration absent a constitutional violation and encourage inmates to
24 challenge prison policies at any time (id. at 9-10). Finally, they submit that the public
25 interest will not be served by an order from the Court given that there is no interest in

---

28 [2]Defendants respond to and dispute numerous statements made in Plaintiff's affidavit; many of these disputes relate to the grievance process and whether Plaintiff properly exhausted administrative remedies (Doc. 112 at 2-6).

"unwarranted, judicially-sanctioned privileges" absent a constitutional violation (id. at 10).

For these reasons, Defendants request that Plaintiff's motion be denied (id. at 10-11).

### C. Plaintiff's Reply

Like Defendants' response, Plaintiff's reply will be considered only to the extent that it is relevant to his original preliminary-injunction request (see Doc. 141). In support of his reply, Plaintiff submits his supplemental affidavit (Doc. 142).

Plaintiff maintains that both Barcklay and Ryan were directly involved in the alleged constitutional violation because they were aware of the violation and failed to act properly; namely, Barcklay failed to renew his SNO and cleared him for hard labor, and Ryan failed to remedy the situation when he did not address Plaintiff's final-level appeal (id. at 5-6).

Plaintiff acknowledges that Barcklay wrote an SNO on April 26, 2012, which provides that he is on non-duty/no work status and he is to have a lower bunk assignment (id. at 6; Doc. 142, Pl. Supp. Aff. ¶ 41). But Plaintiff submits that this SNO is a sham (Doc. 141 at 7). He states that Ryan refused to provide a copy of the SNO to Plaintiff, and that, despite its issuance and "apparent inclusion" in Plaintiff's medical record, no one other than the parties in this case know of its existence (id.). He states that, although he "might go so far as to concede that his [motion] could be considered as having been rendered moot by a diminished threat of imminent physical injury," there remains a viable controversy that must be heard on the merits and he therefore renews his request for an injunction (id.).

### III. Governing Standard

The standard for issuing a TRO is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales, Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Moreover, when the opposing party receives notice of a motion for a TRO, it is appropriate to treat the motion as one for a preliminary injunction. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (2d ed. 2007).

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer

- 4 -

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. See Alliance for the Wild Rockies, 632 at 1135. Regardless of which test is applied, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); see Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

In attempting to establish either eligibility for an injunction or that a party is not entitled to injunctive relief, the parties may rely on developments that postdate the pleadings and pretrial motions. Farmer v. Brennan, 511 U.S. 825, 846 (1994).

**IV.   Analysis**

Defendants present evidence that since filing his motion, Plaintiff has been issued an SNO that gives him no-work status and assigns him to a bottom bunk (Doc. 112, Ex. A (Doc. 112-1 at 6)). Although Plaintiff states that Ryan did not previously provide a copy of this

1 SNO to him, Plaintiff submits a copy of the SNO with his reply, thereby demonstrating that he now retains a copy of it (Doc. 142, Ex. 11 (Doc. 142 at 17)).

Further, there are no allegations or evidence that Plaintiff is currently being assigned work duties or placed in a top bunk contrary to the SNO directives. Plaintiff suggests that the prison may not honor the SNO in the future, but "[s]peculative injury does not constitute irreparable injury." Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see Winter, 555 U.S. at 20 (preliminary injunction will not issue "simply to prevent the possibility of some remote future injury") (quotation omitted). To warrant a preliminary injunction, Plaintiff must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). Plaintiff fails to make this showing.

Because the record shows that Plaintiff has received the relief sought in his motion, and he fails to show that he is currently likely to suffer an irreparable injury, his motion for a preliminary injunction and request for a hearing on the matter will be denied. See Farmer, 511 U.S. at 846.

To the extent Plaintiff argues that there remains a viable controversy, the Court notes that this Order addresses only the pending motion for an injunction; it does dismiss the case or render a decision on the merits of his underlying claim.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's combined Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Request for Emergency Hearing (Doc. 58), and the Motion is **denied**.

DATED this 24th day of October, 2012.

_____
James A. Teilborg
United States District Judge