**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Reed, | No. CV-11-01339-PHX-JAT (BSB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Karen Barcklay, et al., | |
| Defendant. | |

Pending before the Court are: (1) Plaintiff's Motion to Recuse Magistrate Judge and Objections to the Magistrate Judge's Orders of December 27, 2012 and January 25, 2013 (Doc. 213 and 214); (2) Plaintiff's Supplement to his Motion to Recuse and Objections to the Magistrate Judge's Order of February 5, 2013 (Doc. 215); and (3) Plaintiff's Objections to Magistrate Judge's Order of April 30, 2013 (Doc. 245 and Doc. 246).

**I.   BACKGROUND**

On October 3, 2011, Plaintiff, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed an amended pro se civil rights Complaint (Doc. 22) pursuant to 42 U.S.C. § 1983.

Plaintiff filed objections to the Magistrate Judge's December 27, 2012, January 25, 2013, and February 5, 2013 Orders. Plaintiff also filed a Motion to Recuse the Magistrate Judge. The Court now rules on Plaintiff's objections and the Motion to Recuse.

## II. OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, "distinguishes between nondispositive matters under 28 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)." *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). "Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court." *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (emphasis in original).

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Court will thus review the Magistrate Judge's decisions of law de novo, and decisions of fact only for clear error. *See id.*; 28 U.S.C. § 636(b)(1)(A); *see Abonce-Barrera*, 257 F.3d at 967.

### A. The December 27, 2012 Order (Doc. 191)[1]

On December 27, 2012, the Magistrate Judge denied Plaintiff's Modified/Censored Second Motion to Compel Compliance with Plaintiff's Request for Production of Medical Records and Motion for Issuance of Order to Show Cause Why Sanctions should not be Imposed (Doc. 161).

In his Motion, Plaintiff argued that Defendants failed to produce medical records that Defendants obtained from the Arizona Department of Corrections ("ADC") in accordance

---

[1] Defendants argue that Plaintiff's objection to the Court's December 27, 2012 Order is untimely pursuant to Federal Rule of Civil Procedure 72(a) because it was filed on February 11, 2013. However, on June 22, 2012, the Magistrate Judge ordered that, when a timely motion for reconsideration was filed, the time to object to the underlying order would be extended to 14 days after the ruling on a motion for reconsideration of that order (Doc. 99). Accordingly, Plaintiff's objection to the December 27, 2012 Order was timely pursuant to the Magistrate Judge's June 22, 2012 Order.

- 2 -

with the conditions set forth in the Court's June 22, 2012 Order. In his Motion, Plaintiff specifically complained that Defendants did not produce his medical records in an orderly fashion and that certain records were missing. Plaintiff also argued that Defendants failed to produce medical records maintained in the ADC's Adult Information Audit Management System ("AIMS records").

In denying Plaintiff's motion, the Magistrate Judge found "no reason to doubt Defendants' representation that [Defendants] provided Plaintiff with all of the medical records that they received from the ADC." (Doc. 191 at 4). As a result, the Magistrate Judge found that Defendants produced Plaintiff's medical records in compliance with her June 22, 2012 Order and that there was no basis for compelling further production.

Plaintiff objects to the Magistrate Judge's findings and argues that those findings are contradicted by "all of the evidence" Plaintiff submitted in support of his motion in the form of his affidavit. Plaintiff argues that he submitted a sworn statement in support of his motion attesting that (1) the medical records produced by Defendants were not in the same order that Plaintiff had previously seen them kept, were not otherwise correspondingly categorized and labeled, and were not in chronological order; (2) that Plaintiff was able to identify 29 documents missing from his medical records in addition to two notes and a voided prescription[2]; (3) that Defendants failed to produce Plaintiff's county jail medical records; (4) that Defendants failed to produce all of the electronically stored data comprising his medical record; and (5) that Defendants have not been allowing Plaintiff to examine the original documents contained in his medical records. Plaintiff argues that the Magistrate Judge's decision to deny Plaintiff's motion must have been premised on the Magistrate Judge's belief that "Plaintiff was lying" in his sworn statement. As a result, Plaintiff argues that the December 27, 2012 Order must be vacated because it contradicts the evidence contained in Plaintiff's sworn statement.

---

[2] Plaintiff now asserts that he has identified 54 documents missing from the records produced by Defendants. (Doc. 214 at 3 n. 2).

- 3 -

1 Contrary to Plaintiff's conclusions, nothing in the December 27, 2012 Order suggests that the Magistrate Judge concluded that Plaintiff was lying. The Magistrate Judge concluded that there was no evidence that would give her reason to doubt Defendants' representations that they provided Plaintiff with all of the medical records received from the ADC. Nothing in Plaintiff's sworn statement contradicts this conclusion. Rather, the Magistrate Judge undertook a careful examination of each of Plaintiff's arguments and nothing in that examination is contradicted by Plaintiff's sworn statement.

There is no indication of clear error in the Magistrate Judge's factual findings. Further, there is no evidence that the Magistrate Judge abused her discretion in the interpretation of her own Order and finding that Defendants had complied with that Order. For the foregoing reasons, the Magistrate Judge's December 27, 2012 Order (Doc. 191) is affirmed.

### B. The January 25, 2013 Order (Doc. 202)

Plaintiff next objects to the Magistrate Judge's Order denying Plaintiff's Motion for Reconsideration of the December 27, 2012 Order or, in the Alternative, Request to Report Criminal Misconduct to the United States Attorney's Office. The Magistrate Judge denied the Motion for Reconsideration because Plaintiff failed to meet the standard for reconsideration as set forth in Local Rule of Civil Procedure 7.2(g)(1). (Doc. 202 at 1). Plaintiff does not argue that he did, indeed, meet the standard for reconsideration as set forth in Local Rule of Civil Procedure 7.2(g)(1).

Rather, Plaintiff asserts that the Magistrate Judge erred in her denial of his request to refer the perjury charges against him to the United States Attorney's Office. Plaintiff's request for this referral was apparently based on his unwarranted conclusion that the Magistrate Judge must have believed Plaintiff was lying in his sworn statement and such belief was the basis for her December 27, 2012 ruling. The Magistrate Judge denied Plaintiff's request for referral and stated that, "[t]he Court's December 27, 2012 Order did not find or suggest that Plaintiff was lying about Defendants' production of Plaintiff's medical records." (Doc. 202 at 1-2).

Again, this Court agrees that nothing in the Magistrate Judge's December 27, 2012 Order suggested that Plaintiff was lying in his sworn statement. Plaintiff's inference that the December 27, 2012 Order was premised on any such finding is wholly unsupported. Accordingly, the Magistrate Judge did not err in denying Plaintiff's Motion for Reconsideration of the December 27, 2012 Ruling (Doc. 191). Moreover, the Magistrate Judge did not err in denying Plaintiff's Request to Report Criminal Misconduct to the United States Attorneys' Office (Doc. 199). For the foregoing reasons, the Magistrate Judge's January 25, 2013 Order (Doc. 202) is affirmed.

### C. The February 5, 2013 Order (Doc. 209)

Plaintiff objects to the Magistrate Judge's February 5, 2013 Order. Plaintiff asserts that he is not objecting to "the decision itself," but argues that, in her February 5, 2013 Order, the Magistrate Judge "falsified" the record and directed "unjustifiable criticisms" toward him. Plaintiffs requests that the record be corrected and the Magistrate Judge be required to apologize to "the Court and to the Plaintiff." (Doc. 215 at 3).

In her February 5, 2013 Order, the Magistrate Judge granted Plaintiff's "Motion for Enlargement of Time to File Responses to Defendants' Non-Enumerated Motion to Dismiss and Motion for Summary Judgment." In examining whether Plaintiff had shown good cause to obtain a second extension of time for Plaintiff to respond to Defendants' dispositive motions, the Magistrate Judge analyzed Plaintiff's stated reasons for seeking an extension of time. The Magistrate Judge found that:

> Plaintiff's assertion that migraine headaches impeded his ability to prepare legal filings between January 23 and 26, 2013 is not fully supported by the record. Plaintiff's "Seventh Supplement to Modified/Censored Motion for Issuance of Order to Enjoin Defendants from Interfering with Plaintiff's Prosecution of Cause" and "Motion for Enlargement of Time to File Replies to Defendant Ryan's Responses to Plaintiff's Motions to Compel and to Defendant Barcklay's Response to Plaintiff's Motions to Compel" are both dated January 26, 2013. (Docs. 205 and 206.) Plaintiff does not explain why he was able to prepare those filings, but could not work on his responses to the dispositive motions.
>
> Moreover, since the entry of the Court's December 27, 2012 Order extending the response deadlines to January 31, 2013,

> Plaintiff has filed five motions (Doc. 192, 193, 201, 204, 208) and four "supplements" to previously filed motions. (Doc. 194, 195, 203, 205). Again, Plaintiff does not explain why he was able to prepare and file those motions and supplements but was unable to prepare and file his responses to Defendants' Motion to Dismiss (Doc. 165) and Motion for Summary Judgment (Doc. 166.)

(Doc. 209 at 2-3). Plaintiff argues that this language portrays Plaintiff as a liar and attacks his credibility.

Contrary to Plaintiff's contentions, the Magistrate Judge's Order simply sets forth the facts as they existed in the Record. Plaintiff had the burden of demonstrating good cause when seeking the requested extensions of time, *see* Fed. R. Civ. P. 6(b), and the Magistrate Judge's Order simply explains the reason Plaintiff failed to show such good cause. Despite Plaintiff's failure to provide good cause for his requests, the Magistrate Judge nonetheless exercised her inherent authority to manage her cases and granted Plaintiff the extensions he requested. There is nothing in the Record to support Plaintiff's contentions that the Magistrate Judge "falsified" the record and directed "unjustifiable criticisms" toward him. Accordingly, the Magistrate Judge's February 5, 2013 Order (Doc. 209) is affirmed.

### D.     The April 30, 2013 Order (Doc. 235)

Plaintiff objects to the Magistrate Judge's April 30, 2013 Order. Plaintiff asserts that the April 30, 2013 is "colored" by the Magistrate Judge's alleged "favoritism towards Defendants" and that "some issues were unfairly decided, while others were completely ignored." (Doc. 245 at 2). Plaintiff does not specifically identify which issues in the April 30 Order he believes were unfairly decided or completely ignored. Rather, Plaintiff argues that he is being denied a "meaningful opportunity" to exercise his right to objection because

> Plaintiff does not have access to any of the ten federal court decisions to which Magistrate Judge Bade cited in her decision, to annotated versions of the Federal Rules of Evidence or the Federal Rules of Civil Procedure, or to any texts, hornbooks, or scholarly works which treat upon the law of evidence and/or discovery practices and procedures.

(Doc. 245 at 2). Plaintiff argues that, as a result of his inability to access these legal materials, he is unable to articulate his prospective claims of error. As a result, Plaintiff

- 6 -

1    requests a de novo review of his Motion to Compel Defendant Ryan to Give Proper
2    Responses to Plaintiff's Interrogatories, and Plaintiffs' Motion to Compel Defendant Ryan's
3    Compliance with Plaintiff's Second Set of Requests for Production of Documents and
4    Tangible Things.

5    Plaintiff's only stated objection to the Magistrate Judge's April 30 Order is that he has
6    been unable to access the rules and cases cited by the Magistrate Judge. In her April 30
7    Order, the Magistrate Judge cited to the Federal Rules of Civil Procedure, the Federal Rules
8    of Evidence, this Court's Local Rules of Civil Procedure, and case law. Each time the
9    Magistrate Judge cited to any of the rules or cited to a case, the Magistrate Judge explained
10   what the rule/case said, why she was citing to the rule/case, and/or included a parenthetical
11   explaining the relevance of the particular citation. Plaintiff has failed to explain how the
12   Magistrate Judge's use of citations has deprived him the opportunity to meaningfully object
13   to her rulings. The Magistrate Judge carefully explained her reliance on the rules and cases
14   to which she cited. There is nothing apparent in the Magistrate Judge's use and explanation
15   of those citations that deprives Plaintiff of the right to meaningfully object to the Magistrate
16   Judge's rulings. Accordingly, Plaintiff's objections to the Magistrate Judge's April 30, 2013
17   Order are overruled and the April 30, 2013 Order is affirmed.

### III.   THE MOTION TO RECUSE

19   Plaintiff argues that Magistrate Judge Bade should be recused "[i]n the event she is
20   going to be a witness against Plaintiff in a criminal prosecution for perjury." (Doc. 214 at
21   7). This request is based on Plaintiff's unsupported inference that the Magistrate Judge
22   "must have believed he was lying" and such belief was the basis for her December 27, 2012
23   Order. As discussed more fully above, Plaintiff's argument that the Magistrate Judge has
24   suggested that Plaintiff has perjured himself is without merit.

25   Plaintiff next argues that

26   in the event that Magistrate Judge Bade has no evidence that the
Plaintiff gave false evidence in these proceedings, then her
27   Order of December 27, 2012 reduced down to an arbitrary and
capricious disregard of the truth of the matter which had been
28   put before her–an act which Plaintiff submits was an egregious

- 7 -

> display of the bias and prejudice she harbors against him and is otherwise attributable to her favoritism toward the Defendants.

(Doc. 214 at 7-8). Plaintiff further argues that the Magistrate Judge's "unjustified criticisms" and falsification of the record in her February 5, 2013 Order demonstrate her bias against him.

As discussed more fully above, Plaintiff's conclusions that the Magistrate Judge "believes" he was lying, has falsified the Record, and has unjustifiably criticized Plaintiff are without merit. The moving party bears the burden of proving facts sufficient to justify recusal. And, the mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 144, even though such an affidavit was not filed here, does not amount to sufficient proof. 28 U.S.C. § 144 "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its integrity and to prevent abuse and insure the orderly functioning of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted). Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v. Vespe*, 868 F.2d 1328, 1340 (3d. Cir. 1989).

In this case, Plaintiff's basis for recusal of the Magistrate Judge is based on unsupported conclusions that Plaintiff has drawn from the Magistrate Judge's Orders. This is not an appropriate basis for recusal. There is no showing or even suggestion that an objectively reasonable basis exists for the Magistrate Judge's recusal. Accordingly, Plaintiff's Motion to Recuse the Magistrate Judge is denied.

## IV.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Recuse Magistrate Judge and Objections to the Magistrate Judge's Orders of December 27, 2012 and January 25, 2013 (Doc. 213 and 214) is denied and the objections are overruled.

**IT IS FURTHER ORDERED** that Plaintiff's Supplement to his Motion to Recuse and Objections to the Magistrate Judge's Order of February 5, 2013 (Doc. 215) is denied and

1 the objections are overruled.

2 **IT IS FURTHER ORDERED** that Plaintiff's Objections to Magistrate Judge's Order
3 of April 30, 2013 (Doc. 245 and Doc. 246) are overruled.

4 The Magistrate Judge's Orders of December 27, 2012 (Doc. 191), February 5, 2013
5 (Doc. 209), and January 25, 2013 Order (Doc. 202), and April 30, 2013 Order (Doc. 235) are
6 affirmed.

7 DATED this 9th day of July, 2013.

James A. Teilborg
Senior United States District Judge

- 9 -