WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Reed,<br><br>       Plaintiff,<br><br>vs.<br><br>Karen Barcklay, et al.,<br><br>       Defendants. | No. CV 11-1339-PHX-JAT (BSB)<br><br>**ORDER** |

Pending before the Court are Plaintiff's Objections to Magistrate Judge's Order of September 12, 2013 (Doc. 280). The Court now rules on the Objections.

On October 3, 2011, Plaintiff, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed an amended pro se civil rights Complaint (Doc. 22) pursuant to 42 U.S.C. § 1983. On June 22, 2012, the Court amended the deadlines set in the Rule 16 Scheduling Order. Relevantly, the deadline for all discovery to be completed was set as October 29, 2012 and all dispositive motions were due on or before November 19, 2012. (Doc. 98).

On November 19, 2012, Defendants Barcklay and Ryan moved for summary judgment on all remaining claims in Plaintiff's Complaint. (Doc. 166). On September 12, 2013, Plaintiff filed a Motion to Reopen Discovery and for Leave to Serve Additional Discovery Requests (the "Motion to Reopen"). (Doc. 270). On September 12, 2013, the Magistrate Judge denied Plaintiff's Motion to Reopen Discovery and for Leave to Serve Additional Discovery Requests. (Doc. 276). Plaintiff now objects to the Magistrate Judge's

denial of his Motion to Reopen Discovery and Leave to Serve Additional Discovery Requests.

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, "distinguishes between nondispositive matters under 28 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)." *United States v. Abonce-Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). "Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court." *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (emphasis in original).

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Court will thus review the Magistrate Judge's decisions of law de novo, and decisions of fact only for clear error. *See id.*; 28 U.S.C. § 636(b)(1)(A); *see Abonce-Barrera*, 257 F.3d at 967.

In her Order denying the Motion to Reopen, the Magistrate Judge stated that she was liberally construing Plaintiff's request to reopen discovery and for leave to serve additional discovery requests as a motion pursuant to Federal Rule of Civil Procedure 56(d)(2). Federal Rule of Civil Procedure 56(d)(2) provides that:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery.

Fed. R. Civ. P. 56(d)(2).

Plaintiff objects to the Magistrate Judge's "liberal construction" of his Motion. Plaintiff contends that:

> [i]f Plaintiff had wanted the Court to stay its disposition of the Defendants' Motion for Summary Judgment, because he was unable to 'present facts essential to justify [his] opposition,' he

- 2 -

> would have invoked Rule 56(d)(2) . . . himself and so moved the Court with the requisite affidavits or declarations attached. . . . Plaintiff is operating under the presumption that the Defendants' Motion for Summary Judgment has not brought this case to a standstill and that he must continue with trial preparations.

(Doc. 280 at 2). Plaintiff argues that the Magistrate Judge inappropriately considered his motion as brought pursuant to 56(d)(2) under the "prejudiced presumption" that Defendants' Motion for Summary Judgment would be granted and Plaintiff would not need further discovery to prepare for trial.

Plaintiff's argument is not well-taken and appears to be based on a misunderstanding of the importance of the discovery deadline in this case. In his Motion to Reopen Discovery, Plaintiff failed to cite to any rule of procedure that would entitle him to re-open discovery after the discovery deadline in the case has passed. Plaintiff did not move to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) and did not show good cause to do so. Rather, Plaintiff sought to propound discovery requests on Defendants seeking disclosure of the case law that Defendants cited in their Motion for Summary Judgment, and to conduct additional discovery, which Plaintiff claims is relevant to the prosecution of his case and to his "would-be conspiracy claim," which was previously dismissed by the Court for failure to state a claim upon which relief could be granted. (Doc. 270 at 4; Doc. 280 at 5).

Under these circumstances, rather than simply denying Plaintiff's Motion to Reopen Discovery for failure to cite to any rule or case law that would entitle Plaintiff to reopen discovery, the Magistrate Judge properly liberally construed Plaintiff's Motion as a motion pursuant to Federal Rule of Civil Rule 56(d)(2). As a result, Plaintiff's objection to the Magistrate Judge's liberal construction of his motion is overruled.

In his Motion to Reopen Discovery, Plaintiff argued that "Defendant Ryan and his agents and employees are denying [Plaintiff] access to essential legal research tools and resources." (Doc. 270). As a result, Plaintiff argued that he should be allowed to serve a Request for Production of Documents on Defendants, which requested: (1) Each and all of the twenty-five (25) judicial opinions to which your attorney cited in the Motion for

- 3 -

Summary Judgment that he filed in this case on your behalf and (2) Each and all of the five (5) judicial opinions to which District Court Judge James A. Teilborg cited on page 4 of the Order that was filed in this case on August 9, 2013. (Doc. 270 at 12).

The Magistrate Judge held that the request to serve requests for production was untimely. (Doc. 276 at 2). The Magistrate Judge likewise held that, because access to the courts is a limited right, Defendants and the Court were not required to provide Plaintiff with legal research materials. (*Id.* at 3). Plaintiff appears to concede that his attempt to propound the requests for production was untimely (Doc. 280 at 2). However, Plaintiff objects to the Magistrate Judge's characterization of Plaintiff's argument as an access to the courts issue. Plaintiff argues that he has "<u>not</u> raised an access to the courts issue . . . but is testing his theory as to whether the law upon which the Defendants have founded their defensive maneuver is discoverable." (Doc. 280 at 3) (emphasis in original).

The Court agrees with the Magistrate Judge that Plaintiff's request to serve requests for production at this stage in the litigation is untimely. Moreover, regardless of how Plaintiff frames his argument, he is not entitled to copies of case law from Defendants. To the extent Plaintiff claims such information is discoverable, Plaintiff has failed to show that the case law is relevant discoverable information. Relevant discovery is that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff has failed to show how copies of case law is discovery that is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, even if his request were timely, Plaintiff would not be entitled to propound the Requests for Production. As a result, Plaintiff's objection to the Magistrate Judge's denial of the Motion to Reopen discovery to serve requests for production seeking the production of case law is overruled.

In his Motion to Reopen, Plaintiff also sought to reopen discovery to serve interrogatories on Defendants. Those interrogatories seek information regarding the identity of the author of comments on the bottom of Defendants' Exhibit I-203. The Magistrate Judge denied Plaintiff's request to propound the interrogatories because the request was untimely and because "Plaintiff has not explained why such information is necessary for him

to respond to Defendants' motion for summary judgment." (Doc. 276 at 3).

Plaintiff argues that the Magistrate Judge erred because the motion was based on production that occurred on August 2, 2013 and, thus, could not have been untimely. Plaintiff further argues that he never intended to argue that the discovery was necessary to respond to the motion for summary judgment. Plaintiff argues that he needs to propound the interrogatories "to prepare for trial, and secondarily to substantiate and revive his prospective claim that there was an underlying conspiracy to deny him adequate medical treatment."

Although Plaintiff disagrees with the Magistrate's Judge's characterization of his argument, regardless of whether Plaintiff seeks discovery for summary judgment purposes or for trial, Plaintiff has failed to explain why such information is necessary either for summary judgment purposes or for trial. Moreover, to the extent Plaintiff seeks such information to substantiate a previously dismissed claim, Plaintiff is not entitled to conduct such discovery because such discovery is not relevant to the claims currently pending before the Court. Accordingly, Plaintiff's objection to the Magistrate Judge's denial of the Motion to Reopen Discovery to allow Plaintiff to serve interrogatories relating to Defendants' Exhibit I-203 is overruled.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Objections to Magistrate Judge's Order of September 12, 2013 (Doc. 280) are overruled.

DATED this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge

- 5 -