1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Kenneth W. Reed,                    )    No. CV 11-1339-PHX-JAT (BSB)
                                        )
10              Plaintiff,              )    **ORDER**
                                        )
11   vs.                                )
                                        )
12   Karen Barcklay, et al.,            )
                                        )
13              Defendants.             )
                                        )
14   _____)

15          After the Court resolved the summary judgment motion in this case, and after the

16   close of discovery, Plaintiff moved to supplement his complaint to add two new causes of

17   action, and to add more facts to support Count I of the current controlling complaint.

18   **I.      Request to Add Two New Counts**

19          Federal Rule of Civil Procedure 15(d) provides the mechanism for
     supplemental pleadings.[6] "Under Federal Rule of Civil Procedure 15(d), the
20   court may permit a party to supplement his complaint in order to set out 'any
     transaction, occurrence, or event that happened *after the date of the pleading*
21   to be supplemented.' "*Burnett v. Dugan*, 2011 WL 1002145, at *2 (S.D.Cal.
     March 21, 2011) (quoting Fed.R.Civ.P. 15(d)) (emphasis in original). "Rule
22   15(d) permits the filing of a supplemental pleading which introduces a cause

23   _____

24      [6] Rule 15(d), Fed.R.Civ.P., provides:

25      Supplemental Pleadings. On motion and reasonable notice, the court may, on
     just terms, permit a party to serve a supplemental pleading setting out any
26   transaction, occurrence, or event that happened after the date of the pleading
     to be supplemented. The court may permit supplementation even though the
27   original pleading is defective in stating a claim or defense. The court may
     order that the opposing party plead to the supplemental pleading within a
28   specified time.

of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir.1998) (citation omitted). In other words, Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that did not exist when the original complaint was initially filed. *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir.2010) (denying claims which arose from conduct which happened nearly a year *before* plaintiffs filed their first complaint). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir.1981); *see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988) ("[A] supplemental pleading is one designed to bring earlier pleadings up to date.") (citation omitted). The rule "permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Keith*, 858 F.2d at 473; *see also San Luis & Delta–Mendota Water Auth. v. U.S. Dep't of the Interior*, 236 F.R.D. 491, 499 (E.D.Cal. 2006) ("The district court has developed extensive knowledge of the relevant law, background, and scientific considerations ... Retaining the new claims as part of the existing case serves the interests of judicial economy.").

*Womack v. GEO Group, Inc*, 2013 WL 491979, *4 (D. Ariz. 2013) (footnote in original).

Here, the facts that underlie Plaintiff's request to supplement to add two new counts occurred before he filed his complaint. As the above discussion indicates, because the facts occurred before the complaint was filed, Plaintiff cannot supplement to add these facts.

Plaintiff argues that he should be excused from this general rule because his original complaint contained these causes of action, but they were dismissed, without prejudice, because he had not yet exhausted his administrative remedies. Plaintiff further alleges that he has now exhausted those remedies; thus, he should be able to supplement his complaint to add them.

The Court disagrees. These facts existed at the time Plaintiff filed his original complaint. Plaintiff could have chosen to exhaust his remedies prior to filing so that those claims could also have been timely included in the original complaint. Accordingly, the Court will not permit Plaintiff to amend to add two new causes of action based on facts that occurred prior to the filing of the original complaint. *See cf. Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010) (holding that a prisoner could supplement a complaint with claims based on facts that occurred *after* the original complaint was filed).

## II.     Request to Add Additional Facts to Count I

> [I]t is not necessarily appropriate for the Court to consider allegations of violations that have occurred subsequent to the filing of the [original pleading]. If the plaintiff wishes to present such allegations and/or wishes to rely upon them as additional support for a preliminary or permanent injunction, the plaintiff should file a supplemental complaint pursuant to Rule 15(d), Fed. R. Civ. Proc.

*Canez v. Laborers' Inter.*, 1993 WL 814098, *11 (D. Ariz. 1993) (quoting *Selelyo v. Drury*, 508 F.Supp. 122, 128 (S.D. Ohio 1980)).

In this case, this Court has previously stated:

B. Consideration of Facts Arising After Filing of First Amended Complaint

Defendant argues that Plaintiff presents no basis for the Court to consider any post-Complaint facts he included in his Statement of Facts and that it is not up to her to respond to allegations not included in Plaintiff's Complaint, which was filed on May 23, 2011 (Doc. 278 at 6). Defendant notes that the delivery of inmate healthcare to ADC inmates is now provided by an independent contractor; thus, allowing Plaintiff to expand this case with post-Complaint allegations will significantly slow down resolution because the independent healthcare provider will need to be notified and served (*id.*). Defendant further argues that post-Complaint facts should not be considered because Plaintiff never supplemented his response to interrogatories as required under Federal Rule of Civil Procedure 26(e) (*id.* at 6-7).

> In an action seeking injunctive relief to prevent a substantial risk of serious injury, deliberate indifference should be determined in light of the defendant's "attitude[ ] and conduct at the time suit is brought *and persisting thereafter.*" *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (citation omitted) (emphasis added). At summary judgment, the plaintiff must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future. In so doing, the inmate may rely, in the district court's discretion, on developments that postdate the pleadings and pretrial motions, as the defendants may rely on such developments to establish that the inmate is not entitled to an injunction.

*Id.* at 846.

Here, the sole remaining claim concerns Defendant's alleged denial of medication necessary to treat Plaintiff's migraine condition (Doc. 22 at 4-6). In his First Amended complaint, Plaintiff sought, among other things, injunctive relief; thus, Defendant was on notice of the nature of Plaintiff's claim (*id.* at 11). Pursuant to *Farmer*, in its summary judgment analysis, the

Court will consider asserted facts that postdate Plaintiff's First Amended Complaint to the extent that they relate to Plaintiff's Eighth Amendment claim for injunctive relief against Defendant. The Court will not consider any new claims or construe any of Plaintiff's facts as an amended pleading.

Further, because the facts in Plaintiff's Statement of Facts that postdate September 26, 2011 are specific to particular encounters with Defendant, it is not clear why any other medical provider would need to be served. Indeed, in her affidavit submitted in support of the Motion for Summary Judgment, Defendant avers that she continues to provide medical care and treatment to inmates assigned to Arizona State Prison Complex-Yuma—where Plaintiff remains housed—and that Plaintiff will continue to be seen for medical issues (Doc. 167, Ex. A, Def. Aff. ¶¶ 1, 32). The Court also notes that in her motion, Defendant presents no argument that she is not the proper defendant on Plaintiff's claim for injunctive relief (*see* Doc. 166).

Defendant's argument under Rule 26(e) is likewise unavailing. Rule 26(e) requires a party who has made a disclosure under Rule 26(a) or responded to an interrogatory to supplement that information "in a timely matter if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). As discussed above, Plaintiff's asserted facts relate to his claim for injunctive relief; thus, none of his facts are materially different than those set forth in his First Amended Complaint. And because Defendant was aware that Plaintiff sought injunctive relief—which requires him to demonstrate continuance of an alleged violation—Defendant cannot claim that she has been unfairly surprised by Plaintiff's facts asserting that the denial of medication continued after he filed his lawsuit. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (if a party is able to show prejudice and/or unfair surprise as a result of opponent's failure to disclose information pursuant to Rule 26(e)(1), the district court may bar its use at summary judgment).

Based on the above, the Court will deny Defendant's request that it not consider any post-Complaint facts included in Plaintiff's Statement of Facts.

Doc. 279 at 3-5 (footnotes omitted).

Based on *Canez*, the Court will allow Plaintiff to supplement Count I to include the facts on which he will rely to support his request for a permanent injunction. As necessary, Plaintiff must also supplement his disclosures.

**III.   Conclusion**

**IT IS ORDERED** that Plaintiff's motion to supplement is granted in part and denied in part (Doc. 291). Plaintiff's request to file a supplemental complaint to add new causes of action is denied. The Clerk of the Court shall not file the Supplemental Complaint lodged at Doc. 292. Plaintiff's request to supplement Count I is granted. Plaintiff may, within 14 days, submit a supplement to the First Amended complaint (this will only be a supplement

to the First Amended complaint and will not supersede the First Amended complaint).  This supplement shall include any additional facts (but not legal causes of action) Plaintiff intends to argue support his injunction request.  Within 21 day, Plaintiff shall supplement his disclosure statements, if necessary.

**IT IS FURTHER ORDERED** that Plaintiff's motion to clarify (Doc. 297) is granted as follows: the parties shall prepare a joint list of witnesses and file it with the Court contemporaneous to filing all other documents required by the Order Setting Final Pretrial Conference (Doc. 290).

**IT IS FINALLY ORDERED** that, due to this Order, the deadline for filing the joint proposed final pretrial order and all related documents is extended to January 10, 2014.  The deadline for filing motions in limine related ONLY to issues arising from the supplement to the First Amended complaint is extended to January 10, 2014.  The deadline for responding to those motions in limine is extend to January 24, 2014.  (Responses to the Motions in Limine already filed remain due January 6, 2014.)

DATED this 11th day of December, 2013.

James A. Teilborg
Senior United States District Judge