WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W. Reed,<br><br>               Plaintiffs,<br><br>v.<br><br>Karen Barcklay, et al.,<br><br>               Defendants. | No. CV 11-1339-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Karen Barcklay's Motion for Clarification of the Court's December 17, 2014[1] Order. (Doc. 365). Plaintiff did not respond to the motion. Specifically, Defendant requests clarification of the following paragraph:

> Plaintiff may amend his complaint for injunctive relief to name the correct officials at ASPC-Tucson who he contends are currently responsible for denying his medical treatment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (instructing that the prisoner "be given an opportunity to amend his complaint" because the prisoner "could cure the deficiencies in his complaint by naming the correct defendants.").

---

[1] In her motion, Defendant requests clarification of the Court's "December 17, 2015, Order granting her Motion for Summary Judgment on Plaintiff Reed's injunction claim." (Doc. 365 at 1, 3). The Court notes that the referenced Order was filed on December 17, 2014.

*Reed v. Barcklay*, 2014 WL 7178363, at *4 (D. Ariz. Dec. 17, 2014). In her Motion for Clarification, Defendant states:

> The foregoing paragraph gives the impression that the Court has *sua sponte* granted Reed leave to "amend his complaint for injunctive relief to name the correct officials at ASPC-Tucson who he contends are currently responsible for denying his medical treatment" even though he has never sought leave to amend, and Dr. Barcklay has never had an opportunity to respond to such a motion.

(Doc. 365 at 1–2). To the extent Defendant asserts that the Court has *sua sponte* "granted" Plaintiff leave to amend, the Court did not "grant" Plaintiff such leave. Rather, the Court simply observed that Plaintiff *"may" be able to* amend his complaint in order to name the "correct officials." Of course, in order to make such an amendment, Plaintiff, who is represented by counsel, must properly follow the Federal Rules of Civil Procedure ("Rules"). Accordingly, in order to amend his pleading Plaintiff must file a motion for leave that adequately shows "justice . . . requires" an amendment. Fed. R. Civ. P. 15(a)(2).[2]

---

[2] The Court observes that various other Rules must be followed if Plaintiff decides to file a motion for leave to amend, including Rules 15(c), 16(b) and 21. Specifically, Plaintiff must satisfy Rule 15(c)'s requirements for an amendment to "relate back" to the date of his original pleading; Rule 16(b)'s "good cause" standard for an amendment after expiration of a scheduling order; and Rule 21's "just" standard for adding a party.

The Court does not opine on whether such a motion would be successful, but notes that the Ninth Circuit generally disfavors motions for leave to amend a pleading to add additional parties where the case has advanced too far on the merits. *See, e.g.*, *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (holding that the district court properly denied leave to amend when: 1) the motion was made one and one-half years after the complaint was filed; 2) "no facts, newly discovered in that period, were alleged"; 3) the "new allegations would totally alter the basis of the action because they covered different acts, employees and time periods necessitating additional discovery"; and 4) "a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend"); *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir.

Accordingly,

**IT IS ORDERED** Defendant's Motion for Clarification (Doc. 365) is **GRANTED** consistent with the above.

Dated this 1st day of April, 2015.

James A. Teilborg
Senior United States District Judge

---

1983) (affirming district court's denial of leave to amend to add additional parties six months after removal to federal court and four days prior to hearing on summary judgment motion); *Armstead v. Raghunath*, 443 F. App'x 234, 235 (9th Cir. 2011) (unpublished) ("The district court did not abuse its discretion by denying [the plaintiff's] motion for leave to amend where the motion was filed after briefing on defendants' summary judgment motion was complete."); *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (affirming district court's denial of leave to amend when the motion was "raised at the eleventh hour, after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court").